**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Dominique McDuell | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-cv-06635 |
| | § | |
| The Texas Mexican Railway Company | § | |
| d/b/a CPKC | § | |
| Defendant. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information.

1. State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.

   The parties met on October 30, 2026 via telephone. Kathryn Averwater attended for the Plaintiff and Joshua Hughes attended for Defendant.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.

   None.

3. Briefly describe what this case is about.

   Plaintiff alleges that Defendant violated the Family and Medical Leave Act (FMLA) and the Americans with Disabilities Act (ADA) when it removed her from service, required medical records, and ultimately terminated her. Defendant denies violating the FMLA or ADA.

4. Specify the allegation of federal jurisdiction.

   Plaintiff alleges this Court has federal question jurisdiction as she brings claims under the FMLA and ADA.

5. Identify the parties who disagree and the reasons.

   None.

6. Identify any issues as to service of process, personal jurisdiction, or venue.

   None.

7. List anticipated additional parties that should be included and when they can be added, and identify any class or collective-action certification issues.

   None.

8. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

   The Parties will exchange initial disclosures by November 13, 2026.

9. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

   The Parties agree to submit the fee issue to the Court on motion supported by affidavits or declarations after the other issues are resolved.

10. Describe the proposed discovery plan, including:

    A. Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.

       The Parties agree to service of discovery by email. The Parties do not anticipate any issues with the preservation, retrieval, review, disclosure, or production of discoverable information, including the form and format of electronically stored information. The Parties agree to confer in good faith as to the scope and production of electronically stored information. The Parties do not anticipate any issues with the burdens or costs of expected discovery.

    B. When and to whom the plaintiff anticipates it may send interrogatories and requests for production.

       Plaintiff anticipates sending interrogatories and requests for production to Defendant by December 1, 2026.

    C. When and to whom the defendant anticipates it may send interrogatories and requests for production.

       Defendant anticipates sending interrogatories and requests for production to Plaintiff by November 16, 2026.

    D. Of whom and by when the plaintiff anticipates taking oral depositions, and whether

they can be done by remote means, such as by zoom.

Plaintiff anticipates taking oral depositions of Defendant, Kerry Douglas, Ricardo Hilario, Lesley Myers, and other employees identified as playing a role in withholding Plaintiff from service, requesting medical records, and terminating her. Plaintiff intends to conduct depositions via zoom.

E. Of whom and by when the defendant anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

Defendant anticipates taking oral depositions of Plaintiff, Plaintiff's treating medical providers as disclosed, and other individuals named in discovery with knowledge or information regarding the Plaintiff's allegations or Defendant's defenses. Defendant anticipates non-party witnesses may be deposed by Zoom.

F. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

The Parties have not identified any threshold issues that may be scheduled for early resolution.

G. Any experts needed on issues other than attorneys' fees.

Plaintiff anticipates she may retain up to two experts. Defendant anticipates it may retain up to two experts.

H. If medical experts are needed, whether they are only treating physicians or also designated on other issues.

Plaintiff may retain a non-treating medical expert. Defendant does not anticipate retaining a medical expert at the present time.

I. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and to provide their reports.

The party with the burden of proof on an issue will designate experts and provide the reports by April 30, 2027.

Responsive experts and reports will be designated by May 31, 2027.

J. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).

Plaintiff intends to take the deposition of any expert(s) identified by Defendant by August 2, 2027. Plaintiff intends to conduct any expert depositions via zoom.

K. List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).

Defendant intends to take the deposition of any expert(s) identified by Plaintiff by August 2, 2027.

L. In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

The Parties have not yet conducted discovery and are working to exchange initial discovery by November 16, 2026.

13. State the date the planned discovery can reasonably be completed.

The Parties anticipate planned discovery, including expert discovery, may be completed by August 2, 2027.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

The Parties do not believe they are in the position for a prompt resolution of the case, but will continue to confer as to the possibility of settlement as discovery progresses.

15. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.

The Parties agree that mediation or other alternative dispute resolution may be fruitful after they have conducted fact discovery.

16. Magistrate judges may hold jury and nonjury trials with the consent of all parties. Indicate the parties' joint position on a trial before Judge Sam Sheldon.

The Parties do not consent to a trial before the magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

Plaintiff has timely demanded a trial by jury.

18. Specify the number of hours it will likely take to present the evidence.

The Parties anticipate 24 hours will be needed to present the evidence.

19. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

None.

20. List other pending motions.

None.

21. List issues or matters, including discovery, that should be addressed at the conference.

Discovery should be addressed at the conference.

22. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.

Undersigned counsel for both Parties certify that the Disclosure has been filed. Plaintiff filed her Disclosure on October 29, 2026. Defendant filed its disclosure on October 16, 2026.

23. List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.

Marc Zito, Texas Bar 22279400
Jones Granger Law Firm
10,000 Memorial Drive, Suite 888
P.O. box 4340
Houston, TX 77210
713-668-0230
mzit@jonesgranger.com

Bethany Lopez, Texas Bar 24144737
Dorsey & Whitney LLP
200 Crescent Ct., Suite 1600
Dallas, TX 75201
214-981-9900
Lopez.beth@dorsey.com

Kathryn Averwater, MN 401767
Nicholas Thompson, MN 389609
Casey Jones and Bolt Law Firm
2150 3rd Ave N, Suite 350
Anoka, MN 55303
612-293-5360
kaverwater@caseyjones.law
nthompson@caseyjones.law

Briana Al Taqatqa, MN 0399716
Joshua Hughes, MN 050139
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
612-350-2600
Altaqatqa.briana@dorsey.com
Hughes.josh@dorsey.com

/s/ *Kathryn Averwater*
Counsel for Plaintiff(s)

October 30. 2026
Date

/s/ *Joshua Hughes*
Counsel for Defendant(s)

October 30, 2026

**CERTIFICATE OF SERVICE**

I, Kathryn Averwater, hereby certify that the foregoing Joint Discovery Case Management Plan was filed on October 30, 2026 with the Court via CM/ECF and thereby sent electronic notice to all counsel of record.

/s/ *Kathryn Averwater*
Kathryn Averwater